**CRAIG FUNERAL HOME, Inc.,**
Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 16770.

United States Court of Appeals
Fifth Circuit.

April 24, 1958.

Rehearing Denied May 16, 1958.

Walter A. Shelley, Melvin Orfinger, Daytona Beach, Fla. (Hawkins & Orfinger, Daytona Beach, Fla., on the brief), for appellant.

John M. McNatt, Jacksonville, Fla. (Marion R. Shepard, McNatt & Mathews, Jacksonville, Fla., of counsel), for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

In this action, appellant, Craig Funeral Home, Inc. sued the State Farm Mutual Automobile Insurance Company for indemnity under an automobile liability policy. This is an appeal from a judg-

ment dismissing plaintiff's amended complaint for failure to state a claim upon which relief may be granted and from an order striking certain allegations of the complaint.

Appellant is engaged in the business of operating a funeral home in St. Augustine, Florida. The appellee issued to the appellant an automobile liability policy insuring a four door sedan, Chrysler automobile, owned and used by the appellant in its business. The policy contained this relevant exclusion:

"This policy does not apply: (a) Under any of the coverages while the automobile is rented, leased, used as a public or livery conveyance, *or used for carrying persons for charge* (the transportation on a share basis in a private passenger automobile of friends, neighbors, fellow employees to and from work, or school children to and from school shall not be deemed carrying persons for a charge), *unless such use is specifically declared and described in this policy and premium charged therefor;*" (Emphasis added.)

Attached to the policy was the following endorsement:

"Funeral Director Endorsement.

"In consideration of the premium at which the policy is written it is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability applies with respect to the automobiles of the private passenger type, classified as a 'funeral car', subject to the following provisions:

"1. The definition of 'insured' agreement of the policy applies to the insurance under this endorsement in the same manner as though the automobile were classified as 'pleasure and business', and

"2. While the automobile is used (a) for passenger-carrying purposes incidental to the named insured's business as funeral director, but not otherwise for the carrying of per-

sons for a consideration, or (b) for 'pleasure and business' purposes as defined in the policy, and

"3. While the automobile is used for carrying the minister or priest in a funeral procession or in connection with funeral arrangements provided no specific charge is made therefor."

While the policy was in effect, the appellant sent the automobile with its driver to Jacksonville, Florida, for the purpose of transporting a Mrs. Frances Roy to a mental institution to see and possibly to bring her husband back in the car to St. Augustine. Mrs. Roy paid $10.00 for the transportation. During the return trip, with Mrs. Roy as the sole passenger, the automobile was involved in an accident in which she was injured. She sued appellant and recovered a judgment; the appellee refused to defend the action and denied liability under the terms of the policy. Appellant in this suit seeks reimbursement for damages it paid Mrs. Roy, attorneys' fees, court costs and other expenses.

The appellant primarily maintains that under the terms of the policy and endorsement the automobile was within the policy coverage during the entire trip. The complaint alleges in the stricken allegations that the insurance company is also liable because of knowledge on the part of the company's agent as to the use of the automobile and representations made by him to the appellant as to coverage of the automobile for the uses and purposes to which the automobile would be put in the operation of the funeral home business. It further alleges that the agent had knowledge of the custom and usage prevailing among funeral directors in the use of such automobiles to carry and transport passengers to and from hospitals and similar institutions and that the company is bound by the agent's knowledge.

We can dispose of the stricken allegations at the outset insofar as they pertain to an independent reason for holding the insurance company liable under the policy. In substance the appellant

seeks to vary the terms of the insurance policy for increased coverage by the alleged representations of the agent and the custom of the trade of which the agent had knowledge. It can use this evidence only if the terms of the policy are ambiguous; otherwise the parol evidence rule prohibits the use of verbal agreements and parol evidence to vary the terms of a written instrument. Prescott v. Mutual Ben. Health & Accident Ass'n, 1938, 133 Fla. 510, 183 So. 311, 119 A.L.R. 525; Roe v. Henderson, 1939, 96 Fla. 723, 190 So. 618. We hold that the policy was not ambiguous. It has also been held that an insurer may be estopped by its conduct or its knowledge from insisting upon a forfeiture of a policy, Poole v. Travelers Insurance Co., 1938, 130 Fla. 806, 179 So. 138, but this Court has distinguished that situation from the one in the instant case where estoppel is argued to extend coverage. C. E. Carnes & Co. v. Employers' Liability Assur. Corp., 5 Cir., 101 F.2d 739.

Turning to the policy and appraising it as a whole, we find that Part (a) of Paragraph 2 of the Funeral Director Endorsement provided coverage for the automobile in its round trip journey from St. Augustine to Jacksonville under the facts alleged in the complaint. Appellee contends that the words "while the automobile is used (a) for passenger carrying purposes incidental to the named insured's business as a funeral director" must be construed to mean "for passenger carrying purposes incidental to the *business of funeral director*," and that the court must hold as a matter of law that taking Mrs. Roy to the hospital to see and possibly get her patient husband cannot be "incidental to the business of funeral director," because it has nothing to do with preparing people for burial or burying them, which is the business of funeral directors. Appellant, on the other hand, says the language means "incidental to *this insured's business*, which is the business of funeral director," and that it becomes a question of fact whether the carrying of Mrs. Roy

was "incidental to this insured's business."

Appellee strongly relies on the New Jersey case of Heritier v. Century Indemnity Co., 109 N.J.L. 313, 162 A. 573, 574. In that case the assured funeral director rented an automobile for a wedding party. The court said: "Granted that many funeral directors may rent cars for wedding parties, it does not seem to us to be an incidental part of the funeral business." We think this quotation indicates clearly that the New Jersey court construed the language as requiring that the use, to be covered, be one that is incidental to burying people and not merely be one that the particular insured carried on incidental to its business, if that particular funeral director's business comprehended something more than burying the dead.

Appellant relies on Associated Indemnity Corp. v. Manning, 9 Cir., 107 F.2d 362, 364, a California case. There the description of the business in connection with the conduct of which the assured was protected, was "the insured's business operations are that of automobile sales agency, storage garage, electric garage, service station, repair shop, or open air parking station, automobile sales agency." The injury for which recovery was sought in the Manning case was caused by an employee of the insured while taking a message to a delivery truck for, and in connection with the affairs of, a fuel oil company, all of whose stock the insured separately owned. The court there said: "The question whether a particular activity is within the scope of the insured's business, as defined in the policy, is to be determined from the particular facts in each case." The court thus took the appellant's view as to the proper construction of the language, i. e., "within the scope of *this insured's* business," not "within the scope of a garage and service station business" in the abstract.

We think this latter construction is correct. Both in the Manning case and in the case here before us it would have been a simple matter for the in-

surance company to have written the policy to protect the insured only as to those business activities which are incidental to the particular *type* of business or trade mentioned. The policies did not do that. They insured Manning as to liabilities caused "by reason of * * * *insured's business* as described in Item 4" (quoted supra) in the Ninth Circuit case; and as to "passenger carrying purposes incidental to *insured's business*" in the case here. Thus the test of coverage was: what is in the scope of, or incidental to, the business of the particular named insured; not what is in the scope of the garage business or the funeral director business in the abstract. This, we think, is a reasonable and fair construction of the language. This being so, though, there is an understandable though less persuasive view to the contrary, we are constrained to construe the policy as covering the carriage of Mrs. Roy if, as alleged, this carriage in the Chrysler automobile was in fact incidental to the business of Craig Funeral Home, Inc. For the rule of construction by the Florida Courts where either of two interpretations of the terms of a policy is possible, see Poole v. Travelers Ins. Co., 130 Fla., 806, 179 So. 138.

The judgment must be reversed and the case remanded for a trial on the merits.

RIVES, Circuit Judge, specially concurring.

JONES, Circuit Judge, dissenting.

RIVES, Circuit Judge (concurring specially).

I agree that the judgment should be reversed, but I do not agree with all that is said in the opinion. The first one of the "Exclusions" provided in part that: "This policy does not apply * * * while the automobile is * * * used for carrying persons for charge * * * unless such use is specifically declared and described in this policy and premium charged therefor." Ad-

mittedly, a specific declaration meeting the requirement of that exclusion clause is contained in Paragraph 2 (a) of the "Funeral Director Endorsement"; viz.:

"2. While the automobile is used (a) for passenger-carrying purposes *incidental to the named insured's business as funeral director,* but not otherwise for the carrying of persons for a consideration * * *." (Emphasis supplied.)

Considering the italicized phrase, upon which this case turns, I think that the words "as funeral director" modify the expression "the named insured's business." Even so, it seems to me that, if the case were developed by evidence, it is possible that a jury might properly have concluded that the use of the automobile when the accident occurred was "incidental to the named insured's business as funeral director." That question, I think, necessarily involves a factual decision.

In the federal courts, under our present liberal rules, a plaintiff is entitled to have his case tried on the proofs rather than the pleadings unless it appears to a certainty that he would be entitled to no relief under any state of facts which could be proved in support of his claim. Des Isles v. Evans, 5 Cir., 1952, 200 F.2d 614, 615, 616, and authorities there collected. Further, the only grounds upon which averments of the complaint can be stricken are that such averments are "redundant, immaterial, impertinent, or scandalous." Rule 12(f), Federal Rules of Civil Procedure, 28 U.S. C.A. Professor Moore points out that: "Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." 2 Moore's Federal Practice, 2nd ed., Paragraph 12.21[2], p. 2317. I think that the district court erred in striking paragraph 8 of the amended complaint, and especially the following part thereof:

"At the time the aforesaid insurance policy was issued and prior thereto, there was and has been for a long time a custom and usage among funeral directors in the general vicinity of St. Augustine, Florida, and elsewhere, including the plaintiff, to use regular passenger carrying motor vehicles for the purpose of transporting and carrying persons to and from hospitals and other similar institutions, and plaintiff further alleges that plaintiff and other funeral directors in said vicinity generally use such vehicles for such purposes as a part of and incidental to the business of funeral directors, all of which was actually known to the defendant by and through its agent, G. R. Wiles aforesaid * * *."

Evidence to sustain those averments would have been admissible, I think, not to vary the terms of the insurance policy, but to show what the parties understood to be, and what was in fact, incidental to the named insured's business as funeral director. If substantial evidence supported those averments, and tended further to show that the trip claimed to be covered by the policy was begun with the purpose on plaintiff's part to return Mr. Roy, a patient in a mental institution, from Jacksonville to St. Augustine, then I think that a jury might properly have decided the issue with the plaintiff. I think that the question of whether the automobile was being used as an incident to this particular insured's business as funeral director should not be decided on the pleadings alone; and I, therefore, concur specially.

JONES, Circuit Judge (dissenting).

It is my belief that it was not intended by the parties that the insurance coverage should extend to the Chrysler Sedan while used in carrying passengers for a consideration unless incidental to the appellant's business as a funeral director. Funeral is defined as "The disposition of human bodies after death, with the accompanying rites and ceremonies." 37 C.J.S. p. 1407. The business of a funeral director must have, it seems to me, a direct relationship to the disposition of human bodies after death. In a case decided by the Court of Errors and Appeals of New Jersey, the question here was decided. That Court said, "The incidents connected with burying the dead can hardly be said to be the conduct of a car livery business. That the two occupations may be followed by the same person does not make one the incident of the other, but merely suggests the co-ordination of two sorts of activities." Heritier v. Century Indemnity Co., 109 N.J.L. 313, 162 A. 573, 574. I do not see any ambiguity in the provision excluding coverage for carrying passengers for hire except where incidental to the business of funeral director. I do not know of more apt phrasing that could have been used to exclude the risk for which the appellant now claims coverage than that which was used. I cannot reach a conclusion other than that my colleagues would permit the jury to make a new and different contract for the parties. Cf. Haenal v. United States Fidelity & Guaranty Co., Fla., 88 So.2d 888. So concluding, I respectfully

Dissent.

Rehearing denied: JONES, Circuit Judge, dissenting.