698 So.2d 828 (1997)
BERKSHIRE LIFE INSURANCE COMPANY, Appellant,
v.
Bruce ADELBERG, Appellee.
No. 89128.
Supreme Court of Florida.
August 28, 1997.
Jay S. Blumenkopf and Kenneth Strick of Proskauer, Rose, Goetz & Mendelsohn, Boca Raton, for Appellant.
Andrew E. Grigsby of Hinshaw & Culbertson, Miami, for Appellee.
WELLS, Justice.
We have for review the following certified question from a federal circuit court[1] that is determinative of a cause pending before that *829 court and for which there appears to be no controlling precedent:
WHEN THE TERM "OCCUPATION" IS LEFT UNDEFINED IN AN OCCUPATIONAL DISABILITY INSURANCE POLICY, DOES THE TERM "OCCUPATION" REFER TO PRECISELY (AND ONLY) THE JOB HELD BY THE INSURED AT THE TIME OF THE INJURY, OR SHOULD IT BE INTERPRETED MORE GENERALLY TO INCLUDE ANY JOB REQUIRING SIMILAR SKILLS AND PRODUCING A COMPARABLE INCOME?
Adelberg v. Berkshire Life Ins. Co., 97 F.3d 470, 472 (11th Cir.1996). In order to answer the question on the basis of the instant case, we rephrase the question as:
WHEN THE TERM "OCCUPATION" IS LEFT UNDEFINED IN AN OCCUPATIONAL DISABILITY INSURANCE POLICY WHICH STATES THAT TOTAL DISABILITY MEANS "YOUR INABILITY TO ENGAGE IN YOUR OCCUPATION," DOES THE TERM "YOUR OCCUPATION" REFER TO PRECISELY (AND ONLY) THE WORK IN WHICH THE INSURED IS ENGAGED AT THE TIME OF THE INJURY, OR SHOULD THE TERM BE INTERPRETED MORE GENERALLY TO INCLUDE ANY WORK REQUIRING SIMILAR SKILLS AND PRODUCING A COMPARABLE INCOME?
We have jurisdiction under article V, section 3(b)(6) of the Florida Constitution, and we hold that the term "your occupation" refers to the work in which the insured is engaged at the time of the injury.
Berkshire Life Insurance Company (Berkshire) insured Adelberg under an occupational disability policy. During the life of the policy, Adelberg worked at various times as a jeweler, a food-commodities salesman, a yacht salesman, and a freight-space salesman. In February 1990, while he was working as a yacht salesman, Adelberg injured his knee and was found to be totally disabled as to his occupation. From July 17 to October 1, 1990, Berkshire paid disability benefits to Adelberg totaling $3300. Adelberg's duties included showing yachts to customers and acquiring in-depth knowledge of yacht interiors by walking and crawling through them. On October 1, 1990, Adelberg returned to work as a yacht salesman, and his benefits were terminated. Later that month, after climbing on yachts for several days, Adelberg's knee swelled so that he could no longer walk. On November 7, 1990, Adelberg notified Berkshire of the aggravation of his earlier injury, indicating that he was totally disabled. Three months later, Adelberg obtained employment as a freight-space salesman for a trucking company. Although Adelberg held a sales position with the trucking company, he maintained his disability claim with Berkshire because of his inability to perform the duties of a yacht salesman. Berkshire denied Adelberg's claim on the basis that he was not totally disabled from his occupation as a salesman, as evidenced by his new job. Berkshire has paid no benefits to Adelberg since October 1, 1990. The Berkshire policy states:
[T]otal disability means your inability to engage in your occupation, except: the terms of this policy may provide that the indemnity can be paid for more than 120 months. In such a case, for benefits that are paid for disability after the first 120 months, the term "total disability" will have this meaning: your inability to engage in any gainful occupation in which you might reasonably be expected to engage, with due regard for your education, training, experience, and prior economic status.
The policy does not define the term "your occupation."
Adelberg filed a complaint against Berkshire in the Dade County Circuit Court. Based on diversity, Berkshire removed the action to the United States District Court. Adelberg moved for partial summary judgment, arguing that his occupation was that of a "yacht salesman" and that he was totally disabled as to that occupation rather than as to the occupation generally defined as "salesman." The court denied this motion, and the case was set for a jury trial. Prior to trial, the case was transferred to another judge, who informed the parties that she disagreed with her predecessor's ruling on Adelberg's *830 motion for summary judgment. The court ruled that Adelberg's occupation, for purposes of recovery, was yacht salesman. Using this definition of Adelberg's occupation, a jury awarded him $224,226.93. Berkshire appealed the district court's conclusion that Adelberg's occupation was, as a matter of law, that of yacht salesman. Berkshire contended that if occupation is undefined in a disability policy, the term should not be limited to the particular job held by the insured at the time of injury but should apply to any similar position of the same general character. On appeal, the Eleventh Circuit found that the case presented an issue of Florida law and certified the question for resolution by this Court.
On appeal to this Court, Berkshire contends that the district court should have held that Adelberg was a salesman rather than a yacht salesman under the terms of the insurance policy Berkshire sold to Adelberg.[2] It has long been a tenet of Florida insurance law that an insurer, as the writer of an insurance policy, is bound by the language of the policy, which is to be construed liberally in favor of the insured and strictly against the insurer. Firemans Fund Ins. Co. v. Boyd, 45 So.2d 499, 501 (Fla.1950). Berkshire chose to state in this policy that total disability means "your inability to engage in your occupation." Berkshire likewise chose that, after 120 months of payments, total disability would mean "any gainful occupation." We conclude that the language chosen by Berkshire would lead a reasonable person reading this policy to conclude that for the first 120 months "your occupation" means the work in which he or she is engaged at the time of becoming disabled. In construing this policy, we simply give the term "your occupation" the meaning that an average buyer of an insurance policy would give to the term. Berkshire's contention that "your occupation" should be read to mean any sales position rather than the sales position Adelberg held at the time he was injured is not a distinction made by Berkshire in writing its policy. If this was Berkshire's intent, the company should have so stated in unambiguous language. We find applicable here what we said in Prudential Property & Casualty Ins. Co. v. Swindal, 622 So.2d 467 (Fla.1993), about an asserted distinction concerning an accident policy:
The principle of the law is firmly imbedded in the jurisprudence of this State that contracts of insurance should be construed most favorably to the insured. To draw such a fine distinction between the words "accident" and "accidental means" would do violence to this principle. It is a classic example of a distinction without a difference. As a practical matter, the average person buying accident insurance policies assumes that he is covered for any fortuitous and undesigned injury. The average man has no conception of the judicial niceties of the problem and even the most learned judge or lawyer, in attempting to understand and comprehend the niceties of the distinction, is left in a state of bewilderment and confusion.
622 So.2d at 471 (quoting Gulf Life Ins. Co. v. Nash, 97 So.2d 4, 9-10 (Fla.1957)).
Adelberg was entitled to a clear explanation of terms rather than a fine distinction which was never written into his contract for insurance coverage. See also Hartnett v. Southern Ins. Co., 181 So.2d 524 (Fla.1965); Poole v. Travelers Ins. Co., 130 Fla. 806, 813-14, 179 So. 138, 141 (1937). In this case, the policy defined "total disability" as "your inability to engage in your occupation," but contained no further definition of the term "your occupation." Thus, we find that Berkshire's failure to limit the term occupation with any qualifying word other than "your" in Adelberg's policy must be interpreted in favor of coverage for Adelberg.
We agree with Judge Ungaro Benages of the federal district court, who ruled as a matter of law that Adelberg's occupation at *831 the time of his injury controlled and that the jury was to consider his occupation to be yacht salesman rather than salesman for purposes of recovery. In so ruling, the judge noted that she had relied in part upon the Appleman insurance treatise.[3] Our conclusion is further bolstered by the definition of the term "occupation" in the American Heritage College Dictionary 944 (3d ed.1993) as "[a]n activity that is one's regular source of livelihood; a vocation." Similarly, Merriam-Webster's Collegiate Dictionary 804 (10th ed.1994) defines occupation as "the principal business of one's life; VOCATION." Using these commonly accepted definitions, we find that Adelberg was engaged in the activity or business of selling yachts at the time of his injury.
Thus, we conclude that "your occupation" in the policy at issue in this case is the occupation of yacht salesman. We answer the certified question by stating that the term "your occupation" refers to the specific work done by the insured at the time of the injury, not to work requiring similar skills and producing a comparable income.
Having answered the certified question, we return this case to the United States Court of Appeals for the Eleventh Circuit for further proceedings.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] The question of Florida law was certified by the United States Court of Appeals, Eleventh Circuit.
[2] The two principal types of employment disability policies protect insured individuals against: (1) the inability to perform one's own occupation; and (2) the inability to perform any gainful occupation for which one is suited by virtue of education, training, or experience. The Berkshire policy in this case is the former type of policy, which was designed to protect Adelberg against the inability to perform his own occupation.
[3] John Alan Appleman & Jean Appleman, Insurance Law and Practice § 671 (1981):

The occupation to which such contracts refer in promising indemnity when the insured is unable to carry on an occupation refers to the occupation which the insured was carrying on at the time he was injured.