PER CURIAM.
Heather Spaid appeals a final summary judgment entered in favor of Integon Indemnity Corporation on her complaint for a declaratory judgment as to the extent of the limit of liability under the Extended PIP provision of her automobile insurance policy. Concluding that the insurance policy at issue is ambiguous as to the amount recoverable under the Extended PIP Endorsement provision of her policy, we reverse.
Spaid was involved in a motor vehicle accident on February 3, 2011, and incurred more than $10,000 of medical bills as a result. She requested that her automobile insurer, Integrity Indemnity Corporation (hereafter, the insurer), pay “all medical expenses” pursuant to the terms of the Extended PIP provision of the policy. The insurer declined to pay more than $10,000 because such amount was declared by it to be the limit of liability for PIP/Extended PIP coverage.
Thereafter, Spaid filed an amended complaint seeking a declaratory judgment that the policy required the insurer to pay all of her reasonable medical expenses related to the accident without a limit of liability. Both sides moved for summary judgment. Spaid argued in support of summary judgment that there was no reference to a limitation of liability regarding medical expenses in the Extended PIP Endorsement or the Declarations pages of the policy, and so the insurer could not deny her claim for medical expenses beyond $10,000 under the plain terms of the policy. To the extent the policy could be deemed ambiguous as the scope of Extended PIP coverage, the ambiguity had to be construed against the insurer as the drafter of the policy, she argued.
Following a hearing and supplemental briefing, the trial court denied Spaid’s motion for summary judgment and entered summary judgment in favor of the insurer. In its order, the trial court accepted the insurer’s argument and held that “[t]he Extended PIP Endorsement does not modify or otherwise change the Limits of Liability of $10,000 contained in the Basic PIP Endorsement.”
The construction of an insurance policy is a question of law, which this court reviews de novo. See Washington Nat’l Ins. Corp. v. Ruderman, 117 So.3d 943, 948 (Fla.2013); Barnier v. Rainey, 890 So.2d 357 (Fla. 1st DCA 2004). Insurance policies are construed by using the “plain language” of the contract. See Fayad v. Clarendon Nat’l Ins. Co., 899 So.2d 1082, 1086 (Fla.2005). Further, insurance policies are to be construed as a whole so that each provision is given its full meaning and effect. See Ruderman, 117 So.3d at 948. Also, an insurer, as the writer of an insurance policy, is bound by the language of the policy, which is to be construed liberally in favor of the insured and strictly against the insurer. Id. at 950 (quoting Berkshire Life Ins. Co. v. Adelberg, 698 So.2d 828, 830 (Fla.1997)).
The Declarations page of the policy at issue provides:
COVERAGE LIMITS OF LIABILITY PREMIUMS UNIT 1
Liability Bodily Injury $10,000 each Person $20,000 each Accident 150.00
Property Damage $25,000 each Accident 96.00
Personal Injury Protection Basie $10,000 each Person 305.00
*951 Deductible $0 Insured/Relative INCL
Extended PIP (100% Medical, 80% Wage Loss) INCL
Rental Reimbursement Sure drive 34.00
Towing & Labor $75 per Occurrence 7.00
Damage to Your Auto Other Than Collision $500 Deductible 105.00
Collision $500 Deductible 163.00
Unit Premium 860.00
Further, the policy states in Part A— Limit of Liability:
The limit of liability shown in the Declarations for each person for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for bodily injury, sustained by any one person in any one auto accident. This includes all derivative claims arising out of said bodily injury.
The Florida PIP provision, an addendum to Spaid’s policy entitled “Endorsement 1823,” provides in the “Insuring Agreement” section that 80% of medical expenses of the insured are covered. Later, in the “Limits of Liability” section of this PIP Endorsement 1823, it is stated that the “limits of liability shown in the Declaration for Personal Injury Protection coverage are the most we will pay to or for each insured injured.... ” The Extended PIP coverage addendum (Endorsement 4494) provides that it is modifying only the “Insuring Agreement” part of the PIP Endorsement. Under the Extended PIP provision, the percentage of medical expenses covered are increased to 100%.
In our view, the Extended PIP Endorsement (Endorsement 4494) creates an ambiguity as to extent of medical expenses which are recoverable.. While the insurer argues, and the trial court agreed, that the Extended PIP coverage only allows for a recovery of 100% of medical expenses until $10,000 is reached, the endorsement is not so plain. The insurer may well have intended to limit its liability for Extended PIP to the same $10,000 limit that governs basic PIP, but as the drafter of the policy, the insurer was required to express this intention “clearly and unambiguously.” Ruderman, 117 So.3d at 951.
Accordingly, the final summary judgment entered in favor of the insurer is reversed, and the cause is remanded for entry of a summary judgment in favor Spaid declaring that 100% of her medical expenses are recoverable under the terms of her policy.
REVERSED and REMANDED for further proceedings.
ROBERTS, SWANSON, and OSTERHAUS, JJ., concur.