ARTHUR E. HATCH, Plaintiff, *v.* FLORENCE F. LOVEJOY, Defendant. DOROTHY H. HATCH, Plaintiff, *v.* FLORENCE F. LOVEJOY, Defendant.

Supreme Court, Schuyler County, November 28, 1931.

*Olin T. Nye,* for the plaintiffs.

*Weldgen, Newton & Boyle* [*Dallas C. Newton* of counsel], for the defendant.

PERSONIUS, J. The plaintiffs seek to recover damages for personal injuries, injuries to property, etc., and allege that their damages were caused by the negligent operation of an automobile owned by the defendant and operated by George Lovejoy, " now deceased." The complaints allege that the automobile was driven and operated by the said George Lovejoy " in and upon the business

of the defendant Florence F. Lovejoy, and with the knowledge and consent of the defendant."

It appearing by the complaints that the operator of the defendant's car died prior to the commencement of the actions, the defendant argues that these actions abated, not only as to the deceased operator, but as to the defendant owner.

The defendant upon the argument admitted that if the operator had been driving and using the car as the representative of the defendant in her business, the action against her would not abate by the operator's death. The complaints allege that the automobile was being driven and operated " in and upon the business of the defendant." For this reason alone, we think we would be obliged to hold that the complaints could not be dismissed upon this motion.

However, assuming that the operator was not on the business of the defendant, and was not her servant or agent, we think that the cause of action against this defendant owner did not abate upon the death of the operator.

Unless the operator was the agent or servant of the defendant owner, engaged in her business, her liability rests solely upon section 59 of the Vehicle and Traffic Law. " It is a statutory liability. The statute has created liability where none existed at common law." (*Gochee* v. *Wagner*, 257 N. Y. 344.)

If that statute had simply made the owner a guarantor of claims against the operator growing out of the operator's negligence, then the injured party would have a cause of action against the operator only, but section 59 goes further and provides that " every owner * * * shall be liable and responsible for * * * injuries to person or property resulting from negligence in the operation " of his vehicle " by any person legally using or operating the same with the permission, express or implied, of such owner."

The statute had no effect upon the liability of the operator. It created a new liability directly against the owner. The injured party may sue the operator alone or the owner alone or both jointly. It is a several liability as well as joint. The death of one does not abate the action against the other.

In *Psota* v. *Long Island R. R. Co.* (246 N. Y. 388) the court said of section 282-e of the Highway Law, now section 59 of the Vehicle and Traffic Law, " it placed the borrower of a car in the same position toward the lender as that of master and servant, principal and agent." The Court of Appeals in *Gochee* v. *Wagner* (*supra*), referring to the above quotation, said: " Such expressions indicate the nature and extent of the liability but not the basis or principle upon which the liability is predicated."

If the " nature " of the liability is like unto the liability of the principal for the acts of his agent, then to hold that these actions against the owner abate upon the death of the operator (borrower) would be to hold that in the case of an actual common-law principal and agent, the action against the principal would abate upon the death of his negligent agent. But the attorney for the defendant conceded upon the argument that an action against a principal would not abate by the death of his agent, and we think there is authority to that effect. (1 R. C. L. § 33, p. 37; 1 C. J. § 271, p. 163; *Hess* v. *Lowrey*, 122 Ind. 225; 7 L. R. A. 90; *Baker* v. *Braslin*. 16 R. I. 635; 6 L. R. A. 718; *Shale* v. *Schantz*, 35 Hun, 622.)

Submit order accordingly.