DELORES R. SPIEGEL, an Infant, by MICHAEL SPIEGEL, Her Guardian ad Litem, et al., Plaintiffs, *v.* JOSEPH M. FELTON, Defendant and Third-Party Plaintiff. CENTURY INDEMNITY COMPANY, Third-Party Defendant.

Supreme Court, Special Term, Kings County, September 1, 1954.

*Frederick M. Garfield* for third-party defendant.

*Benjamin Gollay* for defendant and third-party plaintiff.

*David B. Ampel* for plaintiffs.

BROWN, J.   Motion by third-party defendant to dismiss the third-party complaint on the ground that the action has no merit. The same party defendant (hereinafter called the insurer) issued to the defendant (hereinafter called the assured) a garage liability policy under which the insurer undertook to pay in behalf of the assured all sums which the assured should become obligated to pay as damages because of personal injuries sustained by any person and caused by accident and arising out of the hazards defined in the policy.   The policy defines the hazards as "the ownership, maintenance or use of the premises for the purpose of an automobile dealer, repair shop, service station, storage garage, or public parking place, and all operations necessary or incidental thereto."

In the main action the plaintiff seeks to recover for personal injuries sustained by reason of the negligent operation of the assured's premises.   It is alleged that at the time of the accident the assured's premises were being used for the sale of Christmas trees and that the plaintiff was on the premises for the purpose of purchasing a Christmas tree.   After the commencement of the main action the assured demanded that the insurer defend and indemnify the assured for the claim asserted. The insurer disclaimed liability under its policy.   Accordingly the assured impleaded the insurer as a third-party defendant.

The affidavits of the assured do not controvert any of the insurer's claims but merely assert that the sale of Christmas trees during the holiday season is an operation incidental to the operation and use of a parking lot.   The court disagrees. Although it may be true that some parking lots in New York City conduct the sale of Christmas trees during the holiday season, it can hardly be said that the incidents connected with a parking lot include the sale of Christmas trees.

Accordingly, the motion is granted.   Settle order on notice.