### S. PEIRSON v. AMERICAN HARDWARE MUTUAL INSURANCE COMPANY.

(Filed 25 February, 1959.)

**1. Insurance § 3—**

     If the language of an insurance contract is ambiguous and susceptible to two interpretations, the courts will give it that interpretation which is most favorable to insured.

**2. Same—**

     If the language of an insurance contract is plain and unambiguous, the courts must give effect to the language, since the courts interpret but do not make contracts.

**3. Same—**

     The words of an insurance contract must be given their ordinary and accepted meaning unless it is apparent another meaning is intended.

**4. Same—**

     Each clause of an insurance contract must be given effect if this can be done by any reasonable construction, and differing clauses must harmonize if possible.

**5. Insurance § 54—**

     A policy covering liability for medical expenses arising out of the use of any vehicle owned by insured and used principally in insured's

automobile dealer or garage business, or operations necessary or incidental thereto, does not cover medical expenses for insured's wife for injuries sustained while she was riding to a social function in an automobile owned and used by insured principally in his separate retail hardware mercantile business, notwithstanding that the vehicle was occasionally used in connection with the automobile dealer and garage business, since the vehicle was not used principally in the garage business or for a use incidental to such business. The word "incidental" defined.

PARKER, J., concurs in result.

APPEAL by defendant from *Morris, J.,* May 1958, Term of HALIFAX, docketed and argued as No. 178 at the Fall Term 1958.

Plaintiff seeks to recover medical expenditures made by him for his wife, incurred as a result of injuries she sustained in the operation by plaintiff of his automobile. Defendant issued to S. Peirson and N. G. Neville D.B.A.: Peirson - Neville Co. and S. Peirson and Co. its National Standard Garage Liability Policy, which obligated it to pay medical expenses resulting from injuries sustained within the insuring provisions of the policy. The case was here on a prior appeal at the Spring Term 1958. It was then remanded because the facts found were insufficient to determine the rights of the parties. See 248 N.C. 215, 102 S.E. 2d 800.

The parties, on the subsequent hearing in the Superior Court, again stipulated the facts as stated in the prior appeal. They stipulated additional material facts as follows:

"1. S. Peirson & Company is a retail business establishment located in a single store building . . . The premises of S. Peirson & Company are owned, maintained and used for the purpose of selling at retail hardware, building materials and supplies, seeds, feeds, fertilizer, hunting and fishing equipment, and similar farm and home supplies and appliances. The premises are not owned, maintained or used for the purpose of an automobile dealer, repair shop, service station, storage garage or parking place.

"2. Peirson-Neville Company, at all times pertinent hereto, was a retail farm equipment business located within and at the rear of the store building housing S. Peirson & Company. The two businesses were separated from each other by a wall or partition, in which wall or partition there was a door for passage from the storage room of S. Peirson & Company to the storage and display room of Peirson-Neville Company, Peirson-Neville Company fronting on Franklin Street. The premises of Peirson-Neville Company was owned, maintained and used for the purpose of selling, servicing, repairing, or storing farm

equipment such as farm tractors, wagons, balers, mowers, plows and related farm vehicles and implements, including farm trucks and automobiles.

"3. The 1952 Ford station wagon owned by S. Peirson was his personal vehicle, and was used by him in his personal and business transactions. At all times pertinent hereto, the said 1952 Ford station wagon was used principally in the operation of S. Peirson & Company. The said 1952 Ford station wagon was not used principally in the personal affairs of S. Peirson, nor in connection with the operation of Peirson-Neville Company; it was, however, occasionally used in connection with his personal affairs and Peirson-Neville Company."

When Mrs. Peirson was injured, the station wagon was being operated by Mr. Peirson to attend a social gathering in no way related to the businesses of S. Peirson and Co. or Peirson-Neville Co.

Based on the facts stipulated, the court rendered judgment for plaintiff. Defendant excepted and appealed.

*Dickens & Dickens for plaintiff, appellee.*
*Battle, Winslow & Merrell for defendant, appellant.*

RODMAN, J. The rights and obligations of the parties are fixed by the insuring provision of the policy which provides protection for liability resulting from: "The ownership, maintenance or use of the premises for the purpose of an automobile dealer, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto, and the ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes and the use for non-business purposes of (1) any automobile owned by or in charge of the named insured and used principally in the above defined operations, and (2) any automobile owned by the named insured in connection with the above defined operations for the use of the named insured, a partner therein, an executive officer thereof, or a member of the household of any such person."

We have neither the right nor the desire to make contracts for litigants. When controversy arises as to the meaning of a contract of insurance, we must interpret it. If the language used is ambiguous and susceptible to two different interpretations, that interpretation is given which is most favorable to the insured. If, however, the language is plain and unambiguous, we must give effect to the language which the parties selected to create the asserted rights and obliga-

tions. The words used are given their ordinary, accepted meaning unless it is apparent another meaning is intended, and each is given effect. The object of interpretation should not be to find discord in differing clauses, but to harmonize all clauses if possible. *Rivers v. Insurance Co.,* 245 N.C. 461, 96 S.E. 2d 431; *Scarboro v. Ins. Co.,* 242 N.C. 444, 88 S.E. 2d 133; *Pruitt v. Ins. Co.,* 241 N.C. 725, 86 S.E. 2d 401; *Motor Co. v. Ins. Co,.* 233 N.C. 251, 63 S.E. 2d 538; *Gant v. Ins. Co.,* 197 N.C. 122, 147 S.E. 740; *McCain v. Ins. Co.,* 190 N.C. 549, 130 S.E. 186.

We examine the quoted insuring provisions in accord with established principles. It is apparent that liability is imposed for injuries resulting from the use of an automobile in either of two events: (1) where the automobile is used principally in the garage business even though not used for that purpose when the injury is inflicted; (2) when the automobile produces injury as a result of a use incidental to the garage business.

By stipulation of the parties the automobile was not being used for business purposes when Mrs. Peirson was injured. It is also stipulated that the automobile was not used principally in the business of automobile dealer, repair shop, service station, storage, or public parking place. On the contrary, it is established that the use for that purpose was only occasional and the principal use was in connection with plaintiff's mercantile business.

It is clear, therefore, the operation of the automobile when Mrs. Peirson was injured was not protected unless, as plaintiff contends, the operation of plaintiff's individual business of selling retail hardware, building materials, supplies, feeds, fertilizer, hunting and fishing equipment, and similar farm and home supplies and appliances was, in the language of the policy, an operation "necessary or incidental" to the business of "automobile dealer, repair shop, service station, storage garage or public parking place."

The facts stipulated establish that the mercantile business operated by plaintiff is neither necessary nor incidental to the business of servicing, repairing, or storing motor vehicles.

Clearly, neither business is necessary to the operation of the other if the word "necessary" is to be given its ordinary, accepted meaning of "A thing that is necessary or indispensable to some purpose; something that one cannot do without; a requisite, an essential." *Storm v. Wrightsville Beach,* 189 N.C. 679, 128 S.E. 17.

Courts have frequently been called upon to interpret the word "incidental." In The Robin Goodfellow, 20 F 2d 924, it is said: " 'Incidental', obviously, means depending upon or appertaining to some-

thing else as primary. . . . Lord Dunevin in *Trustee of Harbor of Dundee v. Nicol* (1915) H.L.A.C. 550 said 'Incidental, in my view, means incident to the main purpose of the main business.' "

The Supreme Court of South Carolina, in *Archambault v. Sprouse,* 63 S.E. 2d 459, quotes with approval the definition of "incidental" in Black's Law Dictionary: "Depending upon or appertaining to something else as primary; something necessary, appertaining to, or depending upon another which is termed the principal; something incidental to the main purpose."

In *Spiegel v. Felton,* 134 N.Y.S. 2d 242, the Court had under consideration the identical language here considered. There the insured was selling Christmas trees on his insured parking lot. Plaintiff was injured when he went to purchase a tree. The insurance company denied liability under its policy. The Court said: "Although it may be true that some parking lots in New York City conduct the sale of Christmas trees during the holiday season, it can hardly be said that the incidents connected with a parking lot include the sale of Christmas trees."

In *Boh v. Pan American Petroleum Corp.,* 128 F. 2d 864, the Court had under consideration provisions of a lease "for the purpose of operating thereon a gasoline service station and for the sale of tires, tubes, batteries and automobile accessories, and any other incidental commercial activity." The Court was called upon to determine whether the property could be used for commercial advertising in general. It said: "In our opinion, the use of the premises to advertise products wholly alien to the business conducted by the appellant was not an activity incidental to the operation of a filling station. If the parties had intended that the grant should be so broad, their purpose could have been easily accomplished by omitting the word *incidental.* Its inclusion as a descriptive adjective of limitation forcefully indicates that the parties intended to include only such commercial activities as are ordinarily connected with or related to the principal purpose of operating a gasoline service station."

In *Heritier v. Century Indemnity Co.,* 162 A. 573, the court was called upon to determine whether transportation of wedding parties was incidental to the business of a funeral director. It said: "Granted that many funeral directors may rent cars for wedding parties, it does not seem to us to be an incidental part of the funeral business. The incidents connected with burying the dead can hardly be said to be the conduct of a car livery business. That the two occupations may be followed by the same person does not make one the incident

of the other, but merely suggests the co-ordination of two sorts of activities.

"In small towns the same merchant frequently sells coal and ice, but the selling of ice is hardly incidental to the conduct of the coal business. Funeral directors were at one time better known as undertakers. When they made their own coffins they often used their spare time in making beds and furniture. Could it be said that the manufacture of beds was incidental to the burial of the dead?"

The selling of clothes made by others is not incident to the business of manufacturing and selling the clothes of that manufacturer. *Nicollet Nat. Bank v. Frisk-Turner Co.,* 74 N.W. 160.

*Burk v. Mead,* 64 N.E. 880, *Duke Anderson Drilling Co. v. Smith,* 141 P. 2d 565, *Builders' Club of Chicago v. United States,* 58 F. 2d 503, *Papani v. United States,* 84 F. 2d 160, likewise appropriately illustrate the meaning of the word "incidental."

Since plaintiff's automobile was not used principally in the business of repairing, servicing, etc. for which protection is provided by the policy, and the mercantile business operated by plaintiff as an individual is neither necessary nor incidental to the business of repairing, servicing, and storing protected by the policy; it follows that, upon the established facts, no liability rests on defendant.

Reversed.

PARKER, J., concurs in result.