■ ROBERT A. DRENNAN et al., Third-Party Plaintiffs-Respondents, v. GREAT AMERICAN INSURANCE COMPANY, Third-Party Defendant-Appellant.— Judgment and order unanimously reversed on the law and facts, with costs, and third-party complaint dismissed, with costs. Memorandum: A milk truck owned by Drennan had left the highway and overturned in a field. Platt, an employee of Drennan, called Market Street Garage to extricate the milk truck. Employees of Market, including Evans, attached a chain to the front axle of the milk truck, then attached a cable from a tow truck to the chain and winched the milk truck onto the highway. Thereafter the cable was disconnected from the chain and the tow truck moved up the road some distance. Platt, the operator of the milk truck, then turned off the engine, got out of the truck and walked around it. A little later he saw some traffic coming up the road and, inasmuch as the milk truck was blocking traffic, he got back into the milk truck to drive it out of the way; in so doing he ran over Evans who was removing the chain which had been put around the axle. Evans brought a personal injury action against Drennan and its employee, Platt, and others, all of whom are third-party plaintiffs. Market Street Garage was insured against liability by the third-party defendant, Great American Insurance Company. The third-party plaintiffs, through Merchants Mutual Insurance Co., called upon Great American to defend them in the action brought by Evans on the ground that they are additional insureds under Market's policy. The critical question is whether, upon the facts above stated, the insurance policy issued to Market provided additional insurance to Platt, the driver of the milk truck, at the time of the accident. Although the policy defines " insured " as including " any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof " and includes within the definition of " automobile ", " equipment for use therewith ", we do not agree with Special Term that Platt was covered by Market's policy for the injuries sustained by Evans. Even if it were to be assumed that the towing operation had not been completed at the time of the accident (see *Wagman* v. *American Fid. & Cas. Co.,* 304 N. Y. 490), nevertheless the cause of the accident did not arise from an act or omission related to the towing. The act of Platt, driver of the milk truck, in moving the latter was an independent act on his own account, neither incidental nor necessary to the towing operation. In this circumstance there is no coverage by the policy issued to Market. (*Cosmopolitan Mut. Ins. Co.* v. *Baltimore & Ohio R. R. Co.,* 18 A D 2d 460.) (Appeal from judgment of Chautauqua Trial

Term for third-party plaintiffs in an action on garage liability policy; appeal from order denying motion for a new trial.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.