18797

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent, v. Willie E. BOYKIN, Isaac Brown, and Loyal Motor Company, Inc., of whom the Defendant Willie E. Boykin, is Appellant.

(161 S. E. (2d) 818)

*Messrs. Rosen & Rosen and Patrick J. Doyle, of George-*
town *for Appellant,*

*Messrs. Bailey & Buckley,* of Charleston *for Respondent,*

May 1, 1968.

Moss, Chief Justice.

This action is one under the "Uniform Declaratory Judg-
ments Act," Section 10-2001 et seq., 1962 Code of Laws.
It is brought by St. Paul Fire & Marine Insurance Company,
the respondent herein, to determine if one Isaac Brown was
an insured under a garage liability policy issued to Loyal
Motor Company, Inc.

The matter was submitted to the Honorable E. Harry
Agnew, Presiding Judge, under an agreed statement of facts,
who, by his Order dated January 19, 1968, concluded that
Isaac Brown was not an insured. It is from said Order that
this appeal is taken.

It is stipulated that, on November 30, 1965, Gertrude C.
Dorn sold and delivered a used 1962 Rambler automobile
to Loyal Motor Company, Inc., a licensed automobile dealer.
On December 11, 1965, Loyal Motor Company, Inc. sold

and delivered the aforesaid automobile to Issac Brown and simultaneously therewith delivered to him the South Carolina registration of said automobile duly endorsed, the certificate of title duly endorsed, and a duly executed form for the transfer of title to Brown and an application for a new certificate of title.

It is further stipulated that on December 17, 1965, while operating the Rambler automobile Brown was involved in a collision with another motor vehicle in the city of Georgetown, in which collision Willie E. Boykin, a passenger in Brown's automobile, received personal injuries, as a result of which he now asserts a claim against Brown and Loyal Motor Company, Inc. At the time of the aforesaid collision Brown had not secured any liability insurance coverage upon the automobile nor had he procured a change in the registration of the automobile or a new certificate of title to the automobile, the forms and papers thereabout remaining in his possession.

It is admitted that Loyal Motor Company, Inc. failed to comply with the requirements of Section 46-150.16 of the 1962 Code in that it did not mail or deliver the old certificate of title and Brown's application for a new certificate to the State Highway Department.

Willie E. Boykin, the appellent herein, claims that by reason of the failure of Loyal Motor Company, Inc. to comply with Section 46-150.16 of the 1962 Code when it sold and delivered the 1962 Rambler automobile to Brown, an uninsured motorist, the said automobile remained within the liability coverage of the garage liability policy issued by the respondent to Loyal Motor Company, Inc. and Brown was an insured under said policy at the time of the collision in which Boykin was injured.

The question for decision is whether the trial judge was in error in holding that Brown was not an insured under the omnibus clause of the liability insurance policy issued by the respondent to Loyal Motor Company, Inc. because of

the failure of Loyal Motor Company, Inc. to comply with Section 46-150.16 of the Code.

Section 46-150.16 of the Code provides as follows:

"If a dealer buys a vehicle and holds it for resale and procures the certificate of title from the owner within ten days after delivery to him of the vehicle, he need not send the certificate to the Department, but, upon transferring the vehicle to another person other than by the creation of a security interest, shall promptly execute the assignment and warranty of title by a dealer, showing the names and addresses of the transferee and of any lienholder holding a security interest created or reserved at the time or the resale and the date of his security agreement, in the spaces provided therefor on the certificate or as the Department prescribes, and mail or deliver the certificate to the Department with the transferee's application for a new certificate."

The appellent contends that the decision in Clouse v. American Mutual Liability Ins. Co., 344 F.2d 18 (4th Cir.), is controlling of the issue raised here. If the Clouse case correctly interpreted Section 46-150.16 of the Code it would be dispositive of this appeal and would require a reversal of the decision of the lower court. However, we do not agree that the decision of the Clouse case correctly interpreted Section 46-150.16 when it was there said:

"We turn then to the particular statutes involved in this case. Two sections deal with how voluntary transfers are carried out and when such transfers are effective. Section 46-150.15 provides for those situations in which the transferor is the registered title holder named in the certificate issued by the State Highway Department covering the subject automobile. In effect the section provides that the seller may either deliver the specified documents to his transferee who must thereupon mail or deliver them to the Department or the transferor may himself mail or deliver them to the Department. It further provides

that except as between the parties, transfer is not effective until the section has been complied with.

The other section dealing with voluntary transfers, section 46-150.16 is the controlling provision in this case. It provides for those situations in which a registered dealer transfers a car of which he is not the registered titleholder. This section specifically provides that *the transferor himself* must mail or deliver the specified documents to the Department. Thus, in exchange for the privilege of holding the car in his stock for resale without having it titled in his own name, the responsibility is placed upon the dealer instead of the purchaser to see that the old certificate, together with any other necessary documents, is sent to the Department when the car is resold. In view of the fact that these papers must include a certification that the new applicant has liability insurance coverage or its equivalents before the Department will issue the new certificate of title, we are forced to the conclusion that the distinction between section 46-150.15 and 46-150.16 is of legal significance in the state's program of insurance. It is an administrative device by which the state seeks to assure itself of continued liability coverage on a large number of secondhand cars sold throughout the state. We think section 46-150.16, when considered in conjunction with the other sections of the South Carolina Motor Vehicle Registration and Licensing Act and particularly section 46-150.15, indicates a legislative intent to hold the transfer ineffectual, certainly to the extent necessary to hold the insurance carrier liable under the circumstances of this case, unless there is compliance with its terms by the dealer-transferor."

A careful consideration of the cited Code sections logically requires the conclusion that the only documents required to be filed by the transferee under Section 46-150.15 and the dealer-transferor under Section 46-150.16 are the endorsed certificate of title from the former

owner and the application for a new certificate in the name of the purchaser. In neither section is there any mention of a certificate of insurance or its equivalent which must accompany these documents, nor is there any requirement that a vehicle have insurance or its equivalent before a certificate of title be issued on it. Therefore, in the provision requiring the dealer to mail or deliver to the department the transferee's application for a new certificate of title, an application that does not require a showing of liability insurance or its equivalent, is not "of legal significance in the state's program of insurance." The court in the Clouse case apparently fell into error by a misinterpretation of sections 46-17 (3) and 46-137 of the South Carolina Code which the court quotes for the proposition that South Carolina will not transfer title to a vehicle without proof of insurance or its equivalents. Registration and licensing are required by section 46-11 of the South Carolina Code in order for a vehicle to be "driven, operated or moved upon a highway * * *." Section 47-17(3) states generally what an application for registering and licensing shall contain and section 46-137 provides that every person applying for registration for a vehicle who declares that the vehicle is insured must furnish a certificate to that effect. These sections do not apply to certificates of title, only to registration and licensing. Section 46-14.1 merely makes a certificate of title a prerequisite to registering a vehicle. The duty of complying with the registration statutes is placed on the owner of a motor vehicle and this includes a certification by the owner that he has liability insurance or its equivalent. Liability insurance or its equivalent is not a requirement for ownership of a motor vehicle or for obtaining a certificate of title but is a prerequisite to licensing and registration of the motor vehicle in order to legally operate the same upon the highway.

Under Section 46-150.15 we held in *Grain Dealers Mutual Ins. Co. v. Julian*, 247 S. C. 89, 145 S.E.2d 685, that "We have no statute which makes void transfers or sales of motor vehicles which are not made

in compliance with the terms of the Title Certificate law. Therefore, title to a motor vehicle passes to a purchaser notwithstanding the want of compliance with the Title Certificate law." Compliance with the Title Certificate Law is not necessary to transfer ownership under section 46-150.16.

It is our conclusion that the failure of Loyal Motor Company, Inc. to comply with the requirements of Section 46-150.16 of the Code neither prevented title from passing to Issac Brown nor did it extend liability coverage to Brown under the policy issued by St. Paul Fire & Marine Insurance Company to Loyal Motor Company, Inc.

The judgment of the lower court is

Affirmed.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.