■ HAROLD CALKINS, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant, and PPG INDUSTRIES, INC., COATINGS & RESINS DIVISION OF PPG INDUSTRIES, INC., Respondent, et al., Defendant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant Merchants Mutual Insurance Company (Merchants) appeals from a judgment which declared that it is obligated to defend plaintiff-respondent in a personal injury action brought against him by one Martin Lebender. The alleged injury to Lebender on July 28, 1972 occurred when he was cutting through a steel barrel or drum which he had obtained from respondent's place of business. The respondent has been engaged in operating an automobile salvage business since 1934 under the name of Calkins Garage. In that business he dismantled automobiles and stored and sold used parts from the vehicles. Respondent used steel drums for the storage of fluids and disassembled used parts and for other purposes. He also sold drums at retail. Although he installed engines, transmissions and windshields which he sold, he did not repair or service automobiles and did not sell gasoline and oil. In 1969 respondent purchased a general liability insurance policy from a friend who was an agent of Merchants. The policy carried the name of the insured as "Harold Calkins d/b/a Calkins Garage". The agent was familiar with the nature of respondent's business operation and knew of the use of drums in

the operation. On February 25, 1972, prior to the accident, appellant's agent made an on-site inspection of the premises and of the nature of respondent's business operations. Upon being served with a summons and complaint on January 22, 1974, respondent immediately turned them over to Merchants' agent. On March 1, 1974 Merchants advised respondent, in a form letter, that it would undertake the defense of the action but that since the demand by the plaintiff, Lebender, exceeded the limits of the policy, respondent could also employ his own attorney. On December 9, 1974 Merchants notified respondent that it was disclaiming under the policy since the "allegations of the plaintiff's complaint do not fall within the coverage afforded thereunder". Although appellant Merchants raises three arguments in support of its position, we need consider only the first. Merchants contends that the alleged sale of the drum to Lebender did not fall within the garage liability part of the policy covering garage operations, which is defined by the policy as "the ownership, maintenance or use of the premises for the purposes of a garage and all operations necessary or incidental thereto". We agree with the trial court's determination that the sale or gift of the drum to Lebender was part of the "garage operations" as defined in the policy and that it was "necessary or incidental" to the garage itself and therefore covered under Merchants' general liability policy. We find no ambiguity in the policy, but if one exists, it would be resolved in favor of the insured (Sincoff v Liberty Mut. Fire Ins. Co., 11 NY2d 386, 390; Greaves v Public Serv. Mut. Ins. Co., 5 NY2d 120, 125; 29 NY Jur, Insurance, §§ 617, 619). Merchants, through its agent who sold the policy, had knowledge of the nature and character of respondent's operations. It seems apparent that the parties to the contract construed "garage operations" and "operations incidental thereto", as defined in the policy, as covering the type of business which the insured was conducting. Our determination on this issue is succinctly stated in Lipton, Inc. v Liberty Mut. Ins. Co. (34 NY2d 356, 361) in the following observation: "We cannot think that, given the economic and factual setting in which these policies were written, an ordinary business man in applying for insurance and reading the language of these policies when submitted, would not have thought himself covered against precisely the damage claims now asserted". Merchants has not carried its burden to prove its right to disclaim at this stage of the lawsuit. As stated in International Paper Co. v Continental Cas. Co. (35 NY2d 322, 325), "An insured's right to be accorded legal representation is a contractual right and consideration upon which his premium is in part predicated, and this right exists even if debatable theories are alleged in the pleading against the insured". Merchants has the duty to defend irrespective of its ultimate liability. "An insurer's obligation to furnish its insured with a defense is heavy indeed, and, of course, broader than its duty to pay" (International Paper Co. v Continental Cas. Co., supra, p 326; see, also, Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148, 154; Grand Union Co. v General Acc., Fire & Life Assur. Corp., 254 App Div 274, 280, affd 279 NY 638). Appellant's reliance on our decision in Davis v Hartford Acc. & Ind. Co. (25 AD2d 604) is misplaced, for it is clearly distinguishable. In Davis we held that the thawing of pipes by use of a portable welder off premises was not "necessary or incidental" to the operation of an automobile repair shop. Similarly, Merchants' citation of Fidelity & Cas. Co. v Napleton Motor Sales (5 Ill App 3d 705) lends no support to its position. The maintenance of a horse barn was not incidental to the use of the premises for a garage. These situations are not analogous to the use of the steel drums in the operation of the insured's business. Trial term properly declared judgment in respon-

dent's favor. (Appeal from judgment of Erie Supreme Court—declaratory judgment.) Present—Simons, J. P., Hancock, Jr., Denman, Goldman and Witmer, JJ.