321 S.E.2d 10 (1984)
LUMBERMENS MUTUAL CASUALTY COMPANY
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY.
No. 8318SC1304.
Court of Appeals of North Carolina.
October 16, 1984.
*11 Tuggle, Duggins, Meschan & Elrod, P.A. by J. Reed Johnston, Jr., Greensboro, for plaintiff-appellee.
Henson, Henson, & Bayliss by Perry C. Henson and Jack B. Bayliss, Jr., Greensboro, for defendant-appellant.
WHICHARD, Judge.
Defendant raises two questions: whether summary judgment was properly granted for plaintiff, and whether the court abused its discretion in denying defendant's motion to continue. We affirm.

I.
Plaintiff and defendant agree on the terms of defendant's policy and on the facts giving rise to this case. The issue is whether defendant's policy provides coverage for defendant's insured under the undisputed facts. These facts are as follows:
Defendant's insured is a service station owner, insured by defendant under a garage liability policy which provides coverage for bodily injury sustained in connection with garage operations. Plaintiff's insured owned tractor-trucks insured by plaintiff under an automobile liability policy which also provides coverage for personal injury claims.
Plaintiff's insured brought three of his tractor-trucks to the garage of defendant's insured for routine servicing. When plaintiff's insured returned to pick up the trucks, one of them failed to start. He asked defendant's insured to help him fire the cold diesel engine of the stalled truck. As a favor and at no extra charge, defendant's insured drove the truck while plaintiff's insured towed it along the adjacent highway. When the stalled truck fired, the two trucks stopped in the road. Defendant's insured remained at the wheel while the air brakes on the truck that had been stalled pressurized. At the same time employees of plaintiff's insured began to disconnect the tow line. When defendant's insured determined that the brakes were pressurized, he began to pull the truck off the road. In so doing he struck and injured an employee of plaintiff's insured.
The employee brought negligence actions against the owner of the truck, plaintiff's insured, and against the driver, defendant's insured. Defendant denied coverage and declined to defend its insured. Both policies contain identical "Other Insurance" clauses. It is not disputed that if defendant's policy provides coverage defendant is liable to plaintiff in the amount of the judgment.

II.
By its terms defendant's policy provides coverage for bodily damage "caused by an occurrence and arising out of garage operations." Garage operations are defined as "the ownership, maintenance or use of the premises for the purposes of a garage and all operations necessary or incidental thereto."
The question refined, therefore, is whether defendant's insured, while driving *12 the truck at the request of plaintiff's insured for the purpose of assisting plaintiff's insured to start the truck, was engaged in an operation "incidental" to the operation of his service station. This is a question of "the meaning of the language used in [defendant's] policy of insurance[.]" Trust Co. v. Insurance Co., 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970). It is therefore a question of law. Id.
While some courts are reluctant to apply the rule of liberal construction to suits between insurers, see 13 Appleman, Insurance Law and Practice § 7482, at 566 (1981), as a rule any ambiguity in an insurance policy is liberally construed against the insurer. Trust Co. v. Insurance Co., 276 N.C. at 354, 172 S.E.2d at 522. The mere fact, however, that each of two parties interprets the term "incidental" to its own advantage does not establish that the term is uncertain or ambiguous. No ambiguity exists unless, "in the opinion of the court, the language of the policy is fairly and reasonably susceptible to either of the constructions asserted by the parties." Maddox v. Insurance Co., 303 N.C. 648, 650, 280 S.E.2d 907, 908 (1981).
We are satisfied that the term "incidental," as applied to the undisputed facts here, is not ambiguous. It is a nontechnical word and, unless the contest requires otherwise, must be given a meaning consistent with its use in ordinary speech. Trust Co. v. Insurance Co., 276 N.C. at 354, 172 S.E.2d at 522; Peirson v. Insurance Co., 249 N.C. 580, 107 S.E.2d 137 (1959). In ordinary speech, incidental means subordinate, nonessential, occurring merely by chance or without intention or calculation, or being likely to ensue as a chance or minor circumstance. Webster's Third International Dictionary (1968).
"Courts have frequently been called upon to interpret the word `incidental.'" Peirson v. Insurance Co., 249 N.C. at 583, 107 S.E.2d at 139 (held plaintiff's mercantile business not incidental to business of repairing, servicing and storing automobiles protected by policy). "Ordinarily, that which is incidental can only be determined from the facts and circumstances of each case. Thus, a question of fact will be presented for determination of the trier of the facts in most cases." Long, 2 Law of Liability Insurance § 7.06, at 7-8 (1984). This case, as stated, however, does not present a factual dispute. While defendant contends that the two affidavits of its insured raise issues of material fact, we find that contention without merit. The affidavits differ merely in wealth of detail.

III.
Cases finding no coverage under the policy term in question are distinguishable from this one on their facts. In Peirson v. Insurance Co., 249 N.C. at 584, 107 S.E.2d at 139, our Supreme Court distinguished "something [that is] incidental to the main purpose" from something that is not, by citing the following cases: Spiegel v. Felton, 134 N.Y.S.2d 242, 206 Misc. 499 (1954) (sale of Christman trees not incidental to operation of a parking lot); Boh v. Pan American Petroleum Corp., 128 F.2d 864 (5th Cir.1942) (use of premises for unrelated commercial advertising not an activity incidental to operation of a filling station); Heritier v. Century Indemnity Co., 109 N.J.L. 313, 162 A. 573 (1932) (transportation of wedding parties not an incidental part of funeral business).
The accident here, by contrast, was clearly a natural consequence of the operation of a service station. It is patently unreasonable to expect that a service station owner would not help a customer start a vehicle the owner has just serviced. That the owner renders the aid voluntarily, to obtain or maintain good will, and for no extra charge, does not remove the act from the range of coverage. See, e.g., Calkins v. Merchants Mutl. Ins. Co., 399 N.Y.S.2d 811, 59 A.D.2d 1052 (1977) (insured's sale or gift of a steel drum to a third party who brought suit for injuries sustained when cutting through the drum held part of garage operations necessary or incidental to the garage itself); Lowry v. Kneeland, 263 *13 Minn. 537, 117 N.W.2d 207 (1962) (driver within coverage when returning demonstrator to garage after having taken insured to airport, even though such service was of a temporary duration and uncompensated).
We hold that the court ruled correctly that an accident on a highway, when a stalled truck is being started by a garage owner after he has serviced it, is as a matter of law an operation incidental to the use of the premises as a garage. The language of the policy, as applied to the undisputed facts, is not reasonably susceptible to any other construction. As stated in Lipton, Inc. v. Liberty Mut. Ins. Co., 34 N.Y.2d 356, 361, 357 N.Y.S.2d 705, 708, 314 N.E.2d 37, 39 (1974): "We cannot think that, given the economic and factual setting in which [this policy was] written, an ordinary business man in applying for insurance and reading the language of [this policy] when submitted, would not have thought himself covered against precisely the damage claims now asserted ...."

IV.
Defendant contends the court erred in denying its motion to continue. The granting of a continuance is within the discretion of the trial court and absent a manifest abuse of discretion its ruling is not reviewable on appeal. Tripp v. Pate, 49 N.C.App. 329, 331, 271 S.E.2d 407, 408 (1980). In denying defendant's motion, the court noted that: the case had been pending for eighteen months; the motion for summary judgment had been on file for five months; and defendant was represented by a firm of six attorneys, any of whom, including present counsel, were capable of mastering the case file. Under these circumstances we find no abuse of discretion in the denial of the motion.
Affirmed.
VAUGHN, C.J., and JOHNSON, J., concur.