Titone, J.
(dissenting). In this declaratory judgment action, the majority holds that an insurance carrier, which issued a standard garage liability policy, must defend and indemnify a garage against litigation arising from the alleged negligent operation of a vehicle that the garage had previously sold. Because the plain language of the policy explicitly excludes coverage in the present circumstances and the majority holding, which rests solely upon dicta taken out of context from an inapposite authority, will have mischievous consequences beyond the parameters of this case, I dissent.
The underlying facts, which are the skin and bones of this case, are stipulated. On April 1, 1980, defendant Dennis Schwartz purchased a 1978 Pontiac automobile from the 18th Avenue Garage, Inc. (Garage). Before taking possession, Schwartz paid the full purchase price and obtained an insurance binder from a broker for a policy of insurance issued by defendant Nationwide Insurance Company. Schwartz exhibited the binder to the Garage and was permitted to temporarily use dealer plates registered to the Garage (see, Vehicle and Traffic Law § 416). Three days later, while the dealer plates were still on the car, an individual, who was driving with Schwartz’s permission, was involved in an accident in which one person was killed and two others seriously injured. Suit was brought against the Garage, among others.
Plaintiff, Hartford Insurance Group, which had issued a *736 standard garage liability policy to the Garage, then commenced this action seeking a declaration that it is not required to defend or indemnify the Garage in the personal injury and wrongful death litigation. Special Term held that the procurement of the Nationwide policy did not supersede the Hartford policy and that plaintiff was required to defend and indemnify the Garage, if necessary.
The Appellate Division, Second Department, unanimously reversed. Examining the policy provisions, it found that neither Schwartz nor the operator of the vehicle were insureds under the policy and that any coverage which might have existed for them as customers of the Garage ceased when they obtained the Nationwide policy. Further, the Appellate Division reasoned that plaintiff was obligated to defend and indemnify only if the Garage owned the vehicle on the day of the accident, and, unlike the Garage, was not estopped from denying ownership. Since the evidence established that title had passed when Schwartz took possession, the Appellate Division made a declaration in plaintiff’s favor. I would affirm.
To place the question before us in proper context, it is useful to restate some basic principles. New York is a compulsory insurance State, and a motor vehicle may not be registered, absent certain exceptions, unless and until the owner furnishes proof that a liability policy has been issued by an authorized insurer, containing, among other things, an omnibus clause which covers the owner and anyone operating the vehicle with the owner’s permission (Insurance Law § 3420 [e]; Vehicle and Traffic Law § 312 [1] [a]). In addition, by virtue of Vehicle and Traffic Law § 388, the negligence of any person operating the vehicle with the owner’s permission is statutorily imputed to the owner in any personal injury litigation, making the owner and operator jointly and severally liable (see, Naso v Lafata, 4 NY2d 585, 590; Traub v Dinzler, 309 NY 395; Hatch v Lovejoy, 142 Misc 137; 1 NY PJI2d 568).* In this fashion, an injured plaintiff is theoretically guaranteed a solvent defendant, at least up to the statutory minimum set for compulsory insurance.
An automobile cannot, of course, be operated on a public highway without license plates (Vehicle and Traffic Law §§ 401, 402). Often, however, a purchaser will want to drive the vehicle before the registration process is completed. The *737 law recognizes this contingency with respect to dealers. Dealers are authorized to allow their customers to utilize special dealer plates for a period of up to five days following a sale, provided that certain requirements are met, including the submission of a proper application for registration with the necessary insurance coverage (Vehicle and Traffic Law §§ 415, 416; see, 7 NY Jur 2d, Automobiles and Other Vehicles, § 208).
If the statutory requisites are not followed, or a nondealer permits the purchaser to use his plates, and the vehicle is involved in an accident, the registered owner, as reflected by the license plates, is estopped from denying ownership of the vehicle, and pursuant to Vehicle and Traffic Law § 388, is vicariously liable, permissive use being imputed through the use of the plates (e.g., Switzer v Aldrich, 307 NY 56; License Plates—Improper Use, Ann., 99 ALR2d 904, § 4 [a], and later case service [collecting New York cases]). Nonetheless, because the insurance carrier which issued the policy to the record owner has not engaged in any wrongful conduct, no estoppel operates against it, and it may establish that the automobile is, in fact, owned by another (Dairylea Coop. v Rossal, 64 NY2d 1; Rudes v Hartford Acc. & Indem. Co., 32 AD2d 575, lv denied 25 NY2d 739; Mason v Allstate Ins. Co., 12 AD2d 138). The applicable principles are succinctly stated in Pattern Jury Instructions, as follows: "Registration is prima facie evidence of ownership * * * and the presumption arising from proof of registration may not be rebutted by proof of violation of the statutes and regulations governing use of dealer’s plates * * * or illegal and fraudulent registration * * * Thus * * * an owner who leaves the license plates on the vehicle after transfer is estopped to deny ownership * * * However, the estoppel of the record title operates against the record owner only and does not prevent * * * the record owner’s insurer from establishing that the vehicle was in fact owned by another” (1 NY PJI2d 568-569).
In this case, as the Appellate Division correctly held, neither the purchaser nor the operator of the vehicle were insureds under the Garage policy, and the carrier was free to establish, as it did, that its insured did not own the vehicle at the time of the accident so that there is no coverage under the omnibus clause. The majority does not take issue with these aspects of the Appellate Division decision. Instead, it finds that the Garage’s issuance of dealer plates was a service to customers, and, therefore, was an act "necessary or incident” to the Garage’s business, within the ambit of coverage. This *738 point has neither been briefed nor argued by the appellants, and for good reason — it plainly lacks substance.
As a matter of plain meaning, permitting a customer to utilize dealer plates cannot be deemed an "operation * * * necessary or incidental to a garage business” within the meaning of the policy. As commonly understood, an act is "necessary or incidental” to a business only when it is both causally related to the business and is essential or indispensible to the business (see, Barton Mines Corp. v Commissioner of Internal Revenue, 446 F2d 981, 991), the definition applied to garage liability policies by the courts of this State (see, Davis v Hartford Acc. & Indem. Co., 48 Misc 2d 135, mod 25 AD2d 604; Spiegel v Felton, 206 Misc 499) and elsewhere (e.g., Fidelity & Cas. Co. v Napleton Motor Sales, 5 Ill App 3d 705, 284 NE2d 26; Automobile Underwriters v Hitch, 169 Ind App 453, 349 NE2d 271; 8 Blashfield, Automobile Law and Practice § 319.3, at 102 [3d ed]). The lending of dealer’s plates hardly meets the criteria of being essential or indispensible to the business. In any event, the accident itself arose from the negligence of the operator, an act neither necessary nor incidental to the use of dealer’s plates (see, Drennan v Great Am. Ins. Co., 27 AD2d 641).
Despite the plain and clear language of the policy, which must be given effect (Fagnani v American Home Assur. Co., 64 NY2d 967, revg on dissent at 101 AD2d 803, 806; Government Employees Ins. Co. v Kligler, 42 NY2d 863), the majority points to a dictum contained in Switzer v Merchants Mut. Cas. Co. (2 NY2d 575, 580). That dictum, however, is taken completely out of context. Although the case did involve a garage policy and dealer plates, the similarity ends there. We did not, even remotely, focus on the issue presented here.
In Switzer, a dealer sold a vehicle under a conditional sales contract and permitted the purchaser to use a set of dealer plates; however, the dealer failed to comply with the statutory requisites. An accident occurred while the dealer plates were on the car and suit was brought against the dealer and the purchaser. At trial, the complaint against the dealer was dismissed and a judgment was recovered against the purchaser. We reversed the dismissal of the complaint against the dealer holding that he was estopped from denying ownership and that he could be vicariously liable under the predecessor to Vehicle and Traffic Law § 388 (Switzer v Aldrich, 307 NY 56, supra).
*739 An execution of the judgment against the purchaser was returned unsatisfied, and, with the action against the dealer still pending, plaintiff served notice of the judgment on the dealer’s insurer, and a demand for payment. The insurer disclaimed liability and plaintiff submitted the controversy to the Appellate Division on an agreed statement of facts. The Appellate Division held for the carrier and plaintiff appealed to this court for the second time.
The only question before us in that second appeal was whether the purchaser was an insured under the Garage policy. No question concerning the carrier’s obligation to defend and indemnify the dealer was ever briefed or argued, much less discussed in the Switzer opinion. As we expressly noted, "Defendant insurer * * * does not dispute that it would be responsible for any liability which might be imposed upon the dealer, a responsibility which could only exist if * * * [the purchaser’s] use were within the hazards covered by the policy. Nor could the insurer now evade such responsibility in view of its defense of the dealer in the previous action, with knowledge of all the material facts relating to any defense which it might have had under the policy” (Switzer v Merchants Mut. Cas. Co., supra, at p 580) (emphasis in original).
Our determination that the purchaser was an insured under the omnibus clause was predicated on two grounds: (1) that the dealer, in accordance with the prior holding in Switzer v Aldrich (supra), was vicariously liable, because the purchaser was operating the truck with dealer’s plates, and (2) that "the acts of the dealer here constitute the permission which brings [the purchaser] into the coverage of the policy, by its own terms” (Switzer v Merchants Mut. Cas. Co., supra, at p 581). The prior dictum quoted by the majority here, concerning the "common practice for automobile dealers to give permission to purchasers of their cars to use temporarily their dealers’ license plates” (id., 2 NY2d, at p 579), referred to permission under the omnibus clause covering the purchaser. It plainly cannot be read to support the proposition that the use of dealer’s plates is "incidental” to the garage business so that merely lending dealer’s plates constitutes an act within the ambit of the policy. That we were concerned only with the purchaser’s rights under the policy is made evident by our subsequent decision in General Acc. Fire & Life Assur. Corp. v Piazza (4 NY2d 659, 666), where we limited Switzer to its facts and explained that in Switzer we had only "held that the *740 policy, by its terms, covered the operator as an insured” (emphasis in original).
The purchaser here cannot be included as an insured because, unlike the Switzer policy, the policy issued by plaintiff contains an explicit exclusion in circumstances where the customer procures his own insurance (cf. Toker v The Hartford, 60 AD2d 251 [a policy not containing such exclusion]). Even under the Switzer policy, however, the purchaser here could not fit within the theory of implied permission. An absolute sale is vastly different from a conditional one. "The owner of an automobile does not operate it with the permission of the person from whom he has purchased it within the meaning of the Vehicle and Traffic Law or the Insurance Law, nor does he so operate it within the meaning of a liability policy provision insuring against loss from such operation, unless the policy specifically covers such a situation” (Mason v Allstate Ins. Co., 12 AD2d 138, 143). It thus appears to be basic that once title passes, as it did here (see, Bornhurst v Massachusetts Bonding & Ins. Co., 21 NY2d 581), the purchaser is not covered as an insured under the standard garage liability policy (see, Wicker v National Sur. Corp., 330 F2d 1009, cert denied 379 US 838; Universal Underwriters Ins. Co. v Wilson, 33 Md App 36, 363 A2d 627; St. Paul Fire & Mar. Ins. Co. v Boykin, 251 SC 236, 161 SE2d 818; Liability Insurance—Car Dealers, Ann., 93 ALR2d 1047, § 3 [b], and later case service; 6C Appleman, Insurance Law and Practice § 4451, at 479 [Buckley ed]; Gough, Coverage on Vehicles After Transfer of Ownership by Dealers and Non-Dealers, 25 Ins Counsel J 177; Young, Some "Windfall Coverages” In Property and Liability Insurance, 60 Colum L Rev 1063, 1080-1081).
To the extent that the majority quotes dicta from Phoenix Ins. Co. v Guthiel (2 NY2d 584), that dicta, too, is taken out of context; Phoenix similarly offers no support for the majority holding. In fact, in that case the court permitted the carrier to disclaim coverage.
Nor do I perceive any reason to rewrite the policy and ignore its explicit language. There is insurance available to cover the loss because the customer purchased a policy before he was permitted to take possession of the vehicle. Further, the liability fixed here is simply not "such a hazard falling] within the contemplation of the parties in arriving at a proper premium for the risk undertaken” (6C Appleman, Insurance Law and Practice § 4451, at 479, n 16.15 [Buckley ed]). *741 In sum, permitting customers to use dealer plates is not an act "necessary or incidental” to the operation of a garage, as those terms are commonly understood. The contrary result, while perhaps desirable as a matter of social policy, is reached only by draining these words of their plain meaning and abrogating a line of precedent only recently reaffirmed (Dairylea Coop. v Rossal, 64 NY2d 1, supra).
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum; Judge Titone dissents and votes to affirm in an opinion in which Chief Judge Wachtler concurs.
Order reversed, etc.

 The driver’s contributory negligence is not, however, imputed to the owner-passenger (Kalechman v Drew Auto Rental, 33 NY2d 397).