Bennett v. Bennett, 2019 NCBC 45.

| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>FORSYTH COUNTY<br><br>BERT L. BENNETT III,<br><br>        Plaintiff,<br><br>v.<br><br>GRAHAM F. BENNETT; ANN BENNETT-PHILLIPS; JAMES H. BENNETT; LOUISE BENNETT; and BENNETT LINVILLE FARM, LLC,<br><br>        Defendants,<br><br>and<br><br>JOHN J. BENNETT and JEANNE R. BENNETT,<br><br>        Nominal Defendants. | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>18 CVS 48<br><br><br><br><br>**ORDER AND OPINION ON MOTION TO DISMISS COUNTERCLAIMS** |

*Fitzgerald Litigation, by Andrew L. Fitzgerald, Lee Denton, and D. Stuart Punger, for Plaintiff Bert L. Bennett III.*

*Bell, Davis & Pitt, P.A., by Allison B. Parker and Kevin G. Williams, for Defendants Graham F. Bennett, Ann Bennett-Phillips, James H. Bennett, and Bennett Linville Farm, LLC.*

*Roberson Haworth & Reese, PLLC, by Andrew D. Irby, for Defendant Louise Bennett.*

*No counsel appeared for Nominal Defendants John J. Bennett and Jeanne R. Bennett.*

Conrad, Judge.

1.    This case arises out of a dispute between the members of Bennett Linville Farm, LLC ("Bennett Farm").  The current and former members of Bennett Farm are

all members of the Bennett family.  Bert Bennett III brought this action against two of his sisters, Ann Bennett-Phillips and Louise Bennett, and two brothers, Graham Bennett and Jim Bennett.[1]  A previous opinion describes the nature of Bert's claims in detail.  *See Bennett v. Bennett*, 2019 NCBC LEXIS 19, at *2–9 (N.C. Super. Ct. Mar. 15, 2019).  This opinion addresses Bert's motion to dismiss the counterclaims brought by Graham, Ann, Jim, and Bennett Farm, all for the same alleged breach of contract.  (ECF No. 51.)

2.     The facts alleged in support of the counterclaims, which must be taken as true, are straightforward.  (Answer Second Am. Compl. and Countercls., ECF No. 50 ["Countercl."].)  Graham, Ann, and Jim are the managers of Bennett Farm, and they authorized seven capital calls during 2017 and 2018.  (Countercl. ¶¶ 5, 9, 12, 15, 18, 23, 27, 30.)[2]  Bert, as a member of Bennett Farm, was subject to the capital calls but failed to pay his pro rata share, an amount totaling nearly $380,000.  (Countercl. ¶¶ 7, 44.)  The claim is that the failure to make these capital contributions amounts to a breach of section 7.2 of Bennett Farm's operating agreement, which states that "Members shall make additional Capital Contributions to the Company as determined by a majority of the Managers."  (Countercl. ¶ 8; *see also* Second Am. Compl. Ex. 4 § 7.2, ECF No. 16 ["Am. Op. Agmt."].)  Bert now contends that the

---

[1] A third sister, Terry Bennett Allen, was Bert's co-plaintiff, but all of Terry's claims and the counterclaims against her have been settled and dismissed.  (ECF No. 67.)  A third brother, John Bennett, is a nominal defendant, along with his wife, Jeanne Bennett.

[2] The Answer to Second Amended Complaint and Counterclaims restarts the paragraph numbering as it transitions from one section to another.  References to that filing in this Opinion are found within the section "Counterclaim Against Bert L. Bennett, III" unless the citation indicates otherwise.

counterclaims must be dismissed for failure to state a claim for relief. *See* N.C. R. Civ. P. 12(b)(6).

3.     First, a threshold jurisdictional question: do Graham, Ann, and Jim have standing to pursue individual claims for Bert's failure to make capital contributions? Bert's motion does not raise this issue, but "[t]his Court has an obligation to satisfy itself in each case and controversy that it has subject matter jurisdiction to hear the claims before it." *In re Se. Eye Ctr.-Pending Matters*, 2019 NCBC LEXIS 29, at *141 (N.C. Super. Ct. May 7, 2019). The Court addressed the issue with counsel during oral argument.

4.     The general rule is that members of an LLC "cannot pursue individual causes of action against third parties for wrongs or injuries to the" company. *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 335, 525 S.E.2d 441, 444 (2000) (quoting *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 660, 488 S.E.2d 215, 219 (1997)). Here, the injury resulting from Bert's failure to make capital contributions is an injury to Bennett Farm due to the shortfall in its capital accounts. Graham, Ann, and Jim do not allege that they suffered any individual injuries in addition to or separate from the injury to Bennett Farm. Indeed, they do not even seek to recover damages for the alleged breach; the prayer for relief seeks an order directing Bert to pay all damages and interest only to Bennett Farm. (*See* Countercl. p.24 at ¶ 3.)

5.     At the hearing, counsel for Graham, Ann, and Jim argued that the three have standing to enforce the operating agreement because they are parties to it. But

section 6.3 states in part that "[a] Member shall be liable *to the Company* only to make Capital Contributions required of such Member by this Agreement." (Am. Op. Agmt. § 6.3 (emphasis added).) Thus, as written, the operating agreement "gives rise to a duty owed to the company," and "a claim for breach of that duty is one belonging to the company, and not generally to its members or managers." *759 Ventures, LLC v. GCP Apt. Investors, LLC*, 2018 NCBC LEXIS 82, at *10–11 (N.C. Super. Ct. Aug. 13, 2018); *see also White v. Hyde*, 2016 NCBC LEXIS 74, at *24–25 (N.C. Super. Ct. Oct. 4, 2016) (no direct claim for breach of operating agreement where harm to company and individual was the same); *Miller v. Burlington Chem. Co.*, 2017 NCBC LEXIS 6, at *15 (N.C. Super. Ct. Jan. 27, 2017) (no direct claim where alleged injury affected all members equally).[3]

6.      The Court therefore concludes that Graham, Ann, and Jim lack standing to pursue individual claims for Bert's alleged failure to make capital contributions. Their claims are dismissed for lack of jurisdiction. *See Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002) ("Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction.").

7.      That leaves Bennett Farm. Specifically, has Bennett Farm adequately alleged facts to support a claim for breach of the operating agreement? Yes.

---

[3] It is conceivable that different language might impose the kind of duty that would give rise to actionable individual claims. The Court need not, and does not, address that hypothetical question here.

8.      In short, Bennett Farm has alleged the "existence of a valid contract" (the operating agreement) and a "breach of the terms of that contract" (Bert's failure to make capital contributions).  *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000).  When these elements are alleged, "it is error to dismiss a breach of contract claim under Rule 12(b)(6)," and our appellate courts routinely reverse trial court orders that require anything more.  *Woolard v. Davenport*, 166 N.C. App. 129, 134, 601 S.E.2d 319, 322 (2004); *see also, e.g.*, *Vanguard Pai Lung, LLC v. Moody*, 2019 NCBC LEXIS 39, at *10 (N.C. Super. Ct. June 19, 2019) (collecting cases).

9.      Though Bert contests the validity of the operating agreement in his own affirmative claims, he concedes its validity for purposes of this motion.  Rather, he takes issue with the scope of the managers' authority to make capital calls.  Section 7.2 states that "Members" (plural) must make any capital contributions set by the managers, and the term "Members" is elsewhere defined to mean all members "as a group."  (Am. Op. Agmt. §§ 7.2, 12.1(q).) As Bert sees it, this language gives the managers the authority to demand capital contributions from Bennett Farm's members collectively but not individually.

10.     This interpretation is hard to square with section 6.3, which seems to allow the kind of individual obligation to which Bert objects.  That section states that "[a] Member" (singular) shall be liable for capital contributions "required *of such Member by this Agreement*."  (Am. Op. Agmt. § 6.3 (emphasis added).)  It would be strange to read section 7.2 to forbid capital obligations for individual members when section 6.3 makes members liable to the company for them.  The goal of contract interpretation,

after all, is to harmonize terms when possible. *See, e.g., Peirson v. American Hardware Mut. Ins. Co.,* 249 N.C. 580, 583, 107 S.E.2d 137, 139 (1959).

11. Even so, Bert's interpretation, if accepted, wouldn't require dismissal. In his reply brief, Bert concedes that his interpretation makes each member "a guarantor" for all and would allow Bennett Farm to "bring suit against all of its members to collect [a] shortfall, regardless of whether one of the members has already contributed all of his or her pro rata share." (Reply Br. 4, ECF No. 55.) In other words, Bert seems to believe that he is potentially liable for the *entire* capital call and that Bennett Farm could have sued him to recover the full amount if no other member had made a contribution. Surely, if Bennett Farm could do that, then it may also sue Bert to recover only his pro rata share.

12. For these reasons, the Court **GRANTS** the motion to dismiss the individual claims brought by Graham, Ann, and Jim. Their claims are **DISMISSED** without prejudice for lack of jurisdiction. The Court **DENIES** the motion in all other respects.

**SO ORDERED**, this the 6th day of August, 2019.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases